1          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
2               SOUTHERN DIVISION

3

4   UNITED STATES OF AMERICA,    *
          Plaintiff,       *CASE NUMBERS:
5                    *2:19-cr-00466-ACA-JHE
   vs.              *2:20-cr-00151-ACA-JHE
6                    *2:20-cr-00405-ACA-JHE-1
   ROLANDO ANTUAIN WILLIAMSON, *April 18, 2022
7   ADRIEN HIRAM TAYLOR,      *Birmingham, Alabama
   HENDARIUS LAMAR ARCHIE,    10:29 a.m.
8   ISHMYWEL CALID GREGORY,
          Defendants.
9   *******************************

10
                  VOLUME VI
11

12          TRANSCRIPT OF JURY TRIAL
   BEFORE THE HONORABLE ANNEMARIE CARNEY AXON
13        UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24   Proceedings recorded by OFFICIAL COURT REPORTER, Qualified
   pursuant to 28 U.S.C. 753(a) & Guide to Judiciary Policies and
25   Procedures Vol. VI, Chapter III, D.2.  Transcript produced by
              computerized stenotype.

*LAUREN SHIRLEY, RPR, CRR*
Federal Official Court Reporter
1729 5th Ave N
Birmingham, AL 35203
256-390-9655/lauren_shirley@alnd.uscourts.gov

```
 1                        APPEARANCES

 2

                FOR THE UNITED STATES:
 3              Jonathan S. Cross, Esq.
                Assistant US Attorney
 4              1801 4th Avenue North
                Birmingham, Alabama 35203
 5              205-244-2233

 6              Gregory Dimler, Esq.
                Assistant US Attorney
 7              1801 4th Avenue North
                Birmingham, Alabama 35203
 8              205-244-2223

 9              FOR DEFENDANT WILLIAMSON:
                Paul McLaurin Woodfin , III, Esq.
10              Paul McLaurin Woodfin, III, Attorney at Law
                102 W. Clinton Avenue., Ste. 202
11              Huntsville, Alabama 35801
                256-585-2848
12
                FOR DEFENDANT TAYLOR:
13              Bruce A. Gardner, Esq.
                Bruce A. Gardner, Attorney at Law
14              P.O. Box 18636
                Hunstville, Alabama 35804
15              256-533-5756

16              FOR DEFENDANT ARCHIE:
                Alison Wallace, Esq.
17              Alison Wallace, Attorney at Law
                P.O. Box 36926
18              Hoover, Alabama 35236
                205-500-1667
19
                FOR DEFENDANT GREGORY:
20              Stuart D. Albea, Esq.
                Stuart D. Albea, Attorney at Law
21              P.O. Box 2673
                Tuscaloosa, Alabama 35403
22              205-248-9556

23              ALSO PRESENT:

24              COURTROOM DEPUTY: SARAH CARMICHAEL

25              COURT REPORTER:  LAUREN SHIRLEY, RPR, CRR
```

1               **P R O C E E D I N G S**
                (In open court at 10:29 a.m. Defendants present.)
2

3               THE COURT: Good morning. Ladies and gentlemen, I

4       understand that one of our jurors is not feeling well today and

5       believes that she is suffering from Covid symptoms. I've asked

6       her to come -- I'm sorry. I've asked her to go and get a rapid

7       and PCR test and to inform us of the results as soon as

8       possible.

9               In the meantime, I have recalled the alternate jurors.

10      When I let them go on Friday, I did not discharge them. I told

11      them that they were not to discuss the case with each other or

12      anyone else, for that matter, or research it because there

13      might be a time where we need to recall them, and that time has

14      come. So I understand from the jury organization department

15      that the first alternate can be here within 45 minutes, or by

16      10:45. Excuse me. The second would be about an hour. But that

17      second alternate is going to stay outside of this courtroom and

18      will just be sequestered during the course of the deliberations

19      should another person fall ill.

20              So, for that reason, I have called you all in here. Is

21      there any objection? I don't want to discharge the juror who

22      has these Covid symptoms because I want to ensure that I get a

23      result from these tests. So I'm not going to discharge her, but

24      is there any objection from any of the parties of continuing

25      deliberations with the alternate with an eye toward discharging

1  the sick juror once we get those results?

2          MR. CROSS: None from the United States, Your Honor.

3          MR. WOODFIN: No objection from Mr. Williamson, Your

4  Honor.

5          MR. GARDNER: None from Mr. Taylor, Your Honor.

6          MR. ALBEA: None from Mr. Gregory.

7          MS. WALLACE: None from Mr. Archie.

8          THE COURT: Thank you. I'm going to call the jury in

9  and inform them of the situation.

10                  (Jury in at 10:31 a.m.)

11         THE COURT: Ladies and gentlemen, you've already

12 noticed that one of your jurors is not here today. She is not

13 feeling well and she has -- she is feeling unwell, has some --

14 no fever, but some mild symptoms and stomach issues, and that

15 sort of thing. Out of an abundance of caution, we have asked

16 her to go get a Covid PCR and rapid test, and we will, of

17 course, inform you of the results of that just as soon as we

18 receive them. But in the interim, as you know, when I released

19 the alternate jurors on Friday, I told them, Don't talk about

20 the case because we might have to call you back. And that is

21 what we are going to do.

22     That will require you all to begin again your

23 deliberations. I guess the good news is that you were not here

24 very long on Friday deliberating. That juror expects to be here

25 within 15 minutes. And so, once they come, we will allow you

1  all to begin your deliberations. Okay? All right. Thank you,
2  all. I'm going to excuse you for the time being, and you can
3  just go back to the jury room, and I will take a moment to
4  speak to the alternate to remind him of the obligations and
5  tell him that we're going to start afresh. So if you all will
6  give me more than 15 minutes, I would appreciate it. Okay?
7  Thank you.

8                    (Jury out at 10:34 a.m.)

9        THE COURT: All right. When the juror comes back, do
10 you wish for me to speak to him with all of you here. I'm happy
11 to do that. Or would it be simple enough for me just to say to
12 him, Thank you for coming back.

13       What I intend to tell him -- I should start with that --
14 is thanking him for coming back, confirming that he had not
15 spoken to anyone about this case nor read any articles, and
16 then, tell him that they're going to begin their deliberations
17 anew and that he should go back to the jury room. Is there
18 anything that anyone wishes me to add?

19       MR. CROSS: Not from the United States, and the United
20 States is fine with you doing that without us being present,
21 Your Honor.

22       THE COURT: Okay. Mr. Woodfin.

23       MR. WOODFIN: Nothing from Mr. Williamson, Judge. That
24 would be fine.

25       MR. GARDNER: Your Honor, I agree with Mr. Cross's

1  position on behalf of Mr. Taylor.

2          THE COURT: Thank you.

3          MR. ALBEA: On behalf of Mr. Gregory, the same.

4          MS. WALLACE: On behalf of Mr. Archie, the same.

5          THE COURT: Okay. Well, I think I'll probably just go

6  back to my chambers now for that purpose, so I can see him in

7  chambers. And I will let you all go about whatever it was that

8  you were doing before. All right. Thank you.

9              (Recess at 10:36 a.m. to 1:45 p.m.)

10     (During the recess, at 10:49 a.m., the alternate juror was

11                    instructed in chambers.)

12             (Jury deliberations resumed at 10:55 a.m.)

13         THE COURT: Ladies and gentlemen, have you had an

14  opportunity to review question number two?

15         MR. WOODFIN: Yes, Your Honor.

16         MR. GARDNER: Yes, Your Honor.

17         THE COURT: I am not clear on whether they're asking

18  about a situation where there's four members of a conspiracy A,

19  B, C, and D, and whether they're asking about whether A and B

20  have conspiracy and C and D have a conspiracy, or they're

21  addressing a situation where A and B have a conspiracy and A

22  and C have a conspiracy. Did anyone else find the question more

23  clear than I did?

24         MR. CROSS: We did not.

25         THE COURT: Don't all jump up at once with a response

1 for the record.

2          MR. GARDNER: Your Honor, quite frankly, I don't know

3 what it's asking.

4          MR. CROSS: Your Honor, not to jump ahead, I just feel

5 like probably the answer is to refer them to your jury

6 instruction.

7          THE COURT: You did jump ahead. Can you answer the

8 first question I posed?

9          MR. CROSS: I think that, regardless, the answer will

10 be in the instructions, whatever their question may be.

11          THE COURT: Okay. Mr. Woodfin.

12          MR. WOODFIN: Your Honor, I agree with the court. I

13 wasn't sure if they're -- I agree with the court's analysis. I

14 mean, I understand generally what maybe the question is about,

15 but I don't know which specific box they're talking about.

16          THE COURT: Mr. Albea.

17          MR. ALBEA: Judge, I agree. The question is not as

18 clear as maybe I would like it to be.

19          THE COURT: Ms. Wallace.

20          MS. WALLACE: Your Honor, I agree it's ambiguous.

21          THE COURT: Well, to the government's point, although

22 they won't tell us whether they believe their question is

23 ambiguous or not, I will say that sending a jury back for the

24 second time saying we've told you all we're going to tell you

25 does not benefit anybody. I do think that there is an

1  opportunity to point -- once we determine what the question is,

2  for them to go back into the jury room, we can all reconvene

3  and determine whether it's appropriate under the -- with our

4  more clear understanding of what the issue is, whether it would

5  be appropriate or not to point them to specific parts of the

6  instruction or to just remind them that the instructions set

7  out the law as it applies to conspiracy.

8      So, at this point, I'm going to let Sarah bring them in,

9  and I'm going to ask them -- the foreperson, if he would mind

10 clarifying which of those two situations he's -- they're asking

11 about or if we've missed that entirely. I will forewarn them

12 that their answer may be that they have to rely back on the

13 jury instructions. I might -- unless there is an objection, I

14 would like to suggest that questions for the court -- I know --

15 remind them that they had already asked a question, which

16 related to the Dodge Hellcat, and we weren't able to answer

17 that, and said, When I told you you could ask questions, those

18 were mainly about, you know, can we see this evidence and can

19 we see this.

20     Perhaps, it was stated too broadly that they could

21 continue to ask substantive questions, but for purposes of

22 clarity, we want to see what their question -- what their

23 question is, if we can get it more specific than it is now.

24                    (Jury in at 1:49 p.m.)

25              THE COURT: Ladies and gentlemen, thank you so much for

1  your continuing deliberation and your diligence in these

2  matters. I have a question about your question. But before I

3  ask my question, I did want to go back. I know that on Friday

4  we had a question from the initial jury, and we were not able

5  to answer that, and I know that that gets very frustrating. I

6  think the instruction can be construed -- is oftentimes

7  construed too broadly, which is to say, it leaves the jury with

8  the impression that they can come back and ask questions about

9  the law or questions about certain evidence or why something

10 was explained or why something was not explained, and that is

11 so often not something that I can answer. And so, I don't want

12 you all to be frustrated with the answers we provide you.

13      By and large, the instructions we give and the evidence

14 you see is your universe under which you must determine the

15 innocence or guilt of a defendant. With respect to this

16 question, we are unclear what you are asking. And so, if and to

17 the extent we can answer it, we wanted to be sure we understood

18 it. So I was wondering if the foreperson felt comfortable

19 answering a multiple choice question.

20      JUROR: Yes, ma'am.

21      THE COURT: If you imagine four defendants, Defendant

22 A, Defendant B, Defendant C, Defendant D, your question could

23 be construed as if the evidence showed -- does the conspiracy

24 mean Defendant A and B conspired and C and D conspired? Or is

25 the question about A and B conspiring and A and C conspiring?

1  That would be B. So choice A is you're talking about a

2  situation where A and B are conspiring and C and D are

3  conspiring. Choice B would be that A and B are conspiring and A

4  and C are conspiring. C could be none of the above. Does your

5  question contemplate A, B, or C?

6       JUROR: A and B.

7       THE COURT: It would be A and B?

8       JUROR: Yes.

9       THE COURT: So both situations. Why no D? Okay. All

10  right. Let me quickly see counsel up at the bench.

11       (Bench conference on the record, as follows:)

12       THE COURT: That didn't clarify anything for me. Did it

13  any of you?

14       MR. CROSS: To answer the court's question, I think it

15  begs to either be recharged or directed on what the conspiracy

16  may consist of, both known and unknown members and some members

17  may not even know the identity of the other members.

18       THE COURT: So the only way that I can see, given what

19  we know about this question, is I could read them -- I could

20  either -- there's one of two ways I can do this. I can either

21  tell them to go back and read your instruction, which I assume

22  that they already have, and that's the reason they've come to

23  ask a certain question, or I could simply read the conspiracy

24  charge again, in the absence of the particulars, which is to

25  say, where in Count 2 the defendants are charged with blah,

1  blah, blah. I can omit that and begin with, A conspiracy is two

2  or more people who conspire to commit an unlawful plan, and

3  then, I would not go through the elements of the offense.

4      I would tell them that they can find the elements in the

5  instruction itself, and then go on to a person may be a

6  conspirator even though that may be the unlawful plan of all

7  the alleged conspirators. And even if they played a minor part,

8  they had a general understanding and can be guilty. But simply

9  being present at the scene of the event will only be associated

10  with certain people and discussing common goals and interests

11  doesn't establish proof of a conspiracy.

12      Also, a person who does not know about a conspiracy but

13  happens to act in a way that advances the purpose of one,

14  doesn't automatically become a conspirator. I think, when you

15  read that in isolation of the actual elements and the

16  introductory paragraph of what the charge is, it helps them

17  understand that the critical issue among these defendants is

18  whether they knew there was a plan. Because that's really what

19  the difference is. I mean, if you didn't know about the plan,

20  but you associated with these people, and you might have talked

21  about your own plan to sell drugs, but you didn't know that the

22  person you were speaking to had their own plan, then -- and

23  that is what separates whether or not you are a member of that

24  conspiracy. But I want to hear from all of you.

25      MR. CROSS: United States agrees with the court.

1                MR. DIMLER: Yeah.

2                MR. ALBEA: I know that the jury has a copy of the

3    instructions. Do they have a copy for each one or just one

4    master copy?

5                THE COURT: I think we gave them -- actually, I think

6    we ended up giving them each one because they -- because there

7    were so many charges and so many defendants. We didn't want

8    them passing the paper around. So each of them have the

9    instructions.

10               MR. ALBEA: Got you. Well, on behalf of Mr. Gregory, I

11   think recharge them. We agree with that.

12               THE COURT: You want me to reread everything to them?

13               MR. ALBEA: No, no. Just the part you went over.

14               MR. WOODFIN: On behalf of Mr. Williamson, I don't have

15   any objection to that, Judge.

16               MR. GARDNER: I'm not sure I really heard all of what

17   you were saying, but --

18               THE COURT: Well, let me tell you so that you don't

19   make a decision based on half of what you heard. I said there

20   are -- I see two options. I can either not instruct them and

21   just tell them to go back and read the instruction, which I am

22   assuming they've already read. That's why they asked the

23   question. The other option is for me to take out that first

24   paragraph that involves the defendants' names and the specific

25   nature of this conspiracy, and also to take out the elements of

1   the conspiracy, and read to them the general construct of what
2   makes a conspiracy a conspiracy. At the end of which, I would
3   remind them that these specific elements have been set out in
4   the instruction, but what I would be -- the conspiracy is an
5   agreement by two or more people to commit an unlawful act.
6       The paragraph about the government doesn't have to prove
7   all the people named in the indictment were part of it, that
8   they can be a conspiracy without knowing all of the details but
9   if they played only a minor part, and if they played only a
10  minor part but with the understanding of the general nature,
11  they're on the hook. They can't be on the hook if they didn't
12  know of the general nature of the conspiracy.
13      MR. GARDNER: Okay. I guess on behalf of my client,
14  Judge, I just say that they have all of the instructions that
15  they need right now in the written form.
16      MS. WALLACE: On behalf of Mr. Archie, we have no
17  objections.
18      THE COURT: Here's my one thing that I'm trying to
19  avoid. First of all, if anyone wants to begin their opening or
20  closing statements with this is not what we see on TV because
21  that's what I frequently see with jurors. The other thing is,
22  when we keep telling them, No, we're not answering your
23  question, they stop working.
24      MR. GARDNER: I understand that.
25      THE COURT: So I'm anxious about just saying go back

 1  and read the instruction, but if you don't agree, then that is
 2  what we will do.
 3          MR. GARDNER: How did my colleagues vote?
 4          THE COURT: They did not have an objection to my
 5  suggestion.
 6          MR. GARDNER: I'll join with them.
 7          THE COURT: Thank you.
 8                  (Bench conference concluded.)
 9          THE COURT: Ladies and gentlemen of the jury, I'm going
10  to reread you your conspiracy charge and I'm sure that you all
11  have already read it, and clearly you didn't -- I see you
12  shaking your heads -- and you didn't see that very helpful.
13  What I'm going to do, though, is I'm going to leave out the
14  specific parts of this case in that instruction when I read it
15  to you. When you go back, you can look at the specifics, but I
16  think by giving you a general instruction about the agreement,
17  it might help answer your question. I think, after carefully
18  considering your question before we came up here and getting
19  choice D, that might be the best that we can do under this
20  circumstance. So I'm just going to read it to you, again,
21  without -- interestingly, without the elements of this
22  particular offense, but sort of the background information on
23  what a conspiracy is, okay?
24          So a conspiracy is an agreement by two or more persons to
25  commit an unlawful act. In other words, it's kind of a

 1   partnership for criminal purposes. Every member of the

 2   conspiracy becomes the agent or partner of every other member.

 3   The government does not have to prove that all of the people

 4   named in the superseding indictment were members of the plan or

 5   that those who were members made any kind of formal agreement.

 6   The heart of a conspiracy is the making of the unlawful plan

 7   itself. So the government does not have to prove that the

 8   conspirators succeeded in carrying out the plan. A person may

 9   be a conspirator, even without knowing all of the details of

10   the unlawful plan or the names and identities of all the other

11   alleged conspirators.

12       If a defendant played only a minor part in the plan, but

13   had a general understanding of the unlawful purpose of the

14   plan, and willfully joined in the plan on at least one

15   occasion, that's sufficient for you to find the defendant

16   guilty. But simply being present at the scene of an event or

17   merely associating with certain people and discussing common

18   goals and interests doesn't establish proof of a conspiracy.

19   Also, a person who doesn't know about a conspiracy, but happens

20   to act in a way that advances some purpose of one, doesn't

21   automatically become a conspirator.

22       Before I let you adjourn, I'm going to ask counsel to come

23   back one last time.

24            (Bench conference on the record, as follows:)

25            THE COURT: I thought I had a good idea, but now I'm

1  wondering. Do we want to note that the indictment, the

2  superseding indictment, charges with a conspiracy?

3          MR. GARDNER: I'm sorry?

4          THE COURT: Do we want to specifically note that the

5  superseding indictment charges only one conspiracy?

6          MR. DIMLER: My concern is that they don't

7  understand --

8                    (Court Reporter Interruption.)

9          MR. DIMLER: My concern has always been that they don't

10 understand the phrase "both those known and unknown to the

11 grand jury". In other words, they would think it's not possible

12 that anyone who is not named would be a conspirator. And I

13 think you just read that and cleared that up. But I think if we

14 then tell them, well, there's only one conspiracy, it's in the

15 superseding indictment, they may interpret that to exclude the

16 definition you just read them, which is that, you know --

17         THE COURT: I mean, if this case was presented to the

18 grand jury, the grand jury considered those known to the

19 conspiracy.

20         MR. DIMLER: And unknown.

21         THE COURT: And unknown.

22         MR. DIMLER: That would be perfectly fine from the

23 government.

24         THE COURT: Only one conspiracy charged in this case.

25         MR. GARDNER: On behalf of Mr. Taylor, Your Honor, I

1  think that's a point well taken.

2          MR. WOODFIN: I couldn't hear the last part.

3          THE COURT: So I will tell the jury that when the grand

4  jury -- when this case was presented in the grand jury, there

5  were people known to be members of the conspiracy and people

6  who were not known to be members of the conspiracy --

7  conspirators that were not known to the grand jury.

8          MR. WOODFIN: Okay.

9          THE COURT: And that for their purposes, they should

10 consider the fact that this jury needs to consider the fact

11 that there is only one conspiracy charge.

12          MR. WOODFIN: Sure. I think that's accurate.

13          MR. DIMLER: I think that might clear up their

14 question.

15          THE COURT: So, by looking at all of your faces, I see

16 all of you nodding affirmatively; is that correct?

17          MR. GARDNER: I agree, Your Honor.

18          MR. CROSS: Yes.

19          MR. WOODFIN: Correct.

20          THE COURT: That's what I'm going to do. And I'm going

21 to do it quickly because I'll forget exactly what I'm going to

22 say.

23                  (Bench conference concluded.)

24          THE COURT: Ladies and gentlemen, I hope I have one

25 other piece of information that might be helpful. When this

1  case was presented to the grand jury, the grand jury considered

2  the evidence, and at that time, there were people that were

3  known conspirators -- there were people that were known by the

4  grand jury to be alleged conspirators, and there were people

5  that were not known by the grand jury to be alleged

6  conspirators. For your -- for this jury's purposes, there is

7  only one conspiracy charged. So I think that concludes all of

8  the information that I can provide you, and at this time, I'd

9  ask that you return to the jury deliberation room to continue

10  your deliberations. Thank you very, very much.

11        (Jury out at 2:09 p.m. to resume deliberations.)

12        THE COURT: I don't know if you all have heard, but the

13  jury has indicated that they can go until 6:00 tonight. I'm

14  going to let them go 15 minutes before 6:00, and then tomorrow

15  they'll begin the deliberations at 8:30 and can go to 4:40 to

16  4:45. Thank you.

17        (Recess at 2:10 p.m. to 3:49 p.m.)

18        THE COURT: I understand that we have a verdict. I'm

19  going to ask Sarah to bring the jury in. Before we do that, in

20  the case that there is a guilty verdict for Defendant

21  Williamson, have we determined whether I need to send the jury

22  back for deliberation on the forfeiture?

23        MR. WOODFIN: Your Honor -- Judge, that's not going to

24  be necessary. On behalf of Mr. Williamson, we will not be

25  contesting the forfeiture of the truck and jewelry and

 1  ammunition.

 2          THE COURT: Okay. All right. Let's bring the jury in.

 3                  (Jury in at 3:50 p.m.)

 4          THE COURT: Will the foreperson please stand? I

 5  understand that you all have reached a verdict in this case.

 6          JUROR: Yes, ma'am.

 7          THE COURT: Are those verdicts unanimous?

 8          JUROR: Yes, ma'am.

 9          THE COURT: I'll ask you to hand the verdict form,

10  please, to the courtroom deputy. You may be seated.

11                  (Brief pause.)

12          THE COURT: Ladies and gentlemen, I am now going to

13  publish your verdicts in this case. That means I'm going to

14  read them aloud. I would like for you to listen very carefully

15  because, at the end, I'm going to ask each of you if I have

16  read your verdict correctly.

17      Beginning with Count 2, the jury finds the defendant

18  Rolando Antuain Williamson guilty as charged in Count 2 of the

19  superseding indictment. They find that with respect to that

20  count, Defendant Williamson conspired to distribute or possess

21  with the intent to distribute the following controlled

22  substances in the amount shown: Heroin weighing 100 grams or

23  more, methamphetamine weighing 50 grams or more, and fentanyl

24  weighing 40 grams or more, and marijuana weighing 100 kilograms

25  or more.

1      With respect to Count 2, Defendant Adrien Hiram Taylor,

2   the jury finds the defendant guilty as charged in Count 2 of

3   the superseding indictment. And with respect to that count

4   finds that he conspired to distribute or possess with the

5   intent to distribute methamphetamine weighing 50 grams or more,

6   and that he has previously been convicted of one serious drug

7   felony.

8      With respect to the defendant, Ishmywel Calid Gregory, he

9   is found guilty by the jury as charged in Count 2 of the

10  superseding indictment. The jury finds that with respect to

11  that count he conspired to distribute or possess with the

12  intent to distribute the following controlled substance in the

13  amount shown, cocaine weighing less than 500 grams. They also

14  find -- the jury also finds the defendant guilty of one serious

15  drug felony in Count 2. I'm sorry. One serious drug felony

16  prior to committing the act charged in Count 2. I misread that.

17  Forgive me, please. The jury finds that Mr. Gregory, having

18  found him guilty of the offense charged in Count 2, further

19  finds that Mr. Gregory committed this offense after he was

20  convicted of one serious drug felony.

21     With respect to Defendant Archie, the jury finds the

22  defendant guilty as charged in Count 2 of the superseding

23  indictment, and the jury finds with respect to that count that

24  he conspired to distribute or possess with the intent to

25  distribute 100 kilograms or more of marijuana.

*LAUREN SHIRLEY, RPR, CRR*
Federal Official Court Reporter
1729 5th Ave N
Birmingham, AL 35203
256-390-9655/lauren_shirley@alnd.uscourts.gov

1          The jury finds the defendant, Rolando Williamson, guilty

2    of Count 3 of the superseding indictment.

3          The jury finds the defendant, Rolando Williamson, guilty

4    as charged in Count 1 of the indictment in 20-405.

5          The jury finds the defendant, Rolando Antuain Williamson,

6    guilty as charged in Count 5 of the superseding indictment in

7    19-466. And with respect to that count, finds that he possessed

8    with the intent to distribute the following controlled

9    substances in the following amounts: Heroin weighing 100 grams

10   or more, methamphetamine weighing 500 grams or more, and

11   marijuana weighing less than 100 kilograms.

12         The jury finds the defendant, Rolando Antuain Williamson,

13   guilty as charged in Count 6 of the superseding indictment.

14   With respect to that count, the jury finds that the defendant

15   conspired to distribute or possess with the intent to

16   distribute heroin weighing 100 grams or more, fentanyl weighing

17   40 grams or more, and marijuana weighing less than

18   100 kilograms.

19         The jury finds the defendant, Rolando Williamson, guilty

20   as charged in Count 7 of the superseding indictment.

21         The jury finds the defendant, Rolando Williamson, guilty

22   as charged in Count 8 of the superseding indictment.

23         The jury finds the defendant, Adrien Hiram Taylor, guilty

24   as charged in Count 11 of the superseding indictment. With

25   respect to that count, the jury finds that Defendant Taylor

1   conspired to distribute or possess with the intent to

2   distribute methamphetamine weighing 50 grams or more. And they

3   find that Mr. Taylor -- having found Mr. Taylor guilty of the

4   offense charged in Count 11 finds that the defendant committed

5   this offense after he was convicted of two serious drug

6   felonies.

7           Regarding Count 12, the jury finds the defendant, Adrien

8   Hiram Taylor, guilty as charged in Count 12 of the superseding

9   indictment. Having found the defendant guilty of that offense,

10  they further find with respect to that count that he conspired

11  to distribute or possess with the intent to distribute

12  methamphetamine weighing 5 grams or more, and that having found

13  Mr. Taylor guilty of the offense charged in Count 12 of the

14  superseding indictment, further finds that the defendant

15  committed this offense after he was convicted of one serious

16  drug felony.

17          The jury finds the defendant, Ishmywel Calid Gregory,

18  guilty as charged in Count 13 of the superseding indictment in

19  19-466.

20          The jury finds the defendant, Adrien Hiram Taylor, guilty

21  as charged in Count 20 of the superseding indictment in 19-466.

22          The jury finds the defendant, Adrien Taylor, guilty as

23  charged in Count 21 of the superseding indictment.

24          The jury finds the defendant, Adrien Hiram Taylor, guilty

25  as charged in Count 22 of the superseding indictment, again, in

1    19-466.

2         The jury finds the defendant, Rolando Antuain Williamson,

3    guilty as charged in Count 34 of the superseding indictment in

4    19-466.

5         The jury finds the defendant, Rolando Williamson, guilty

6    as charged in Count 35 of the superseding indictment in 19-466.

7         The jury finds the defendant, Rolando Williamson, guilty

8    as charged in Count 39 of the superseding indictment in 19-466.

9         The jury finds the defendant, Rolando Antuain Williamson,

10   guilty as charged in Count 40 of the superseding indictment in

11   19-466.

12        The jury finds the defendant, Rolando Antuain Williamson,

13   guilty as charged in Count 41 of the superseding indictment in

14   19-466.

15        The jury finds the defendant, Hendarius Lamar Archie,

16   guilty as charged in Count 1 of the indictment in 20-151.

17        And the jury finds the defendant, Hendarius Archie, guilty

18   as charged in Count 2 of the indictment in 20-151.

19        As I call your juror number, if you would please stand and

20   tell me if that is your verdict for each of these defendants in

21   each of these counts. Juror Number 1, is that your verdict as

22   to these defendants and each of these counts?

23        JUROR: Yes, Your Honor.

24        THE COURT: Juror Number 2, is that your verdict as to

25   each of these defendants and each of these counts?

1        JUROR: Yes, Your Honor.

2        THE COURT: Juror Number 3, is that your verdict as to

3   each of these defendants and each of these counts?

4        JUROR: Yes, Your Honor.

5        THE COURT: Juror Number 4, is that your verdict as to

6   each of these defendants and each of these counts?

7        JUROR: Yes.

8        THE COURT: Juror Number 11, is that your verdict as to

9   each of these defendants and each of these counts?

10       JUROR: Yes, Your Honor.

11       THE COURT: Juror Number 17, is that your verdict as to

12  each of these defendants and each of these counts?

13       JUROR: Yes, Your Honor.

14       THE COURT: Juror Number 20, is that your verdict as to

15  each of these defendants and each of these counts?

16       JUROR: Yes, Your Honor. That's my verdict.

17       THE COURT: Juror number 24, is that your verdict as to

18  each of these defendants and each of these counts?

19       JUROR: Yes, Your Honor.

20       THE COURT: Juror Number 31, is that your verdict as to

21  each of these defendants and each of those counts?

22       JUROR: Yes.

23       THE COURT: As to each of these counts?

24       JUROR: Yes, Your Honor.

25       THE COURT: Juror Number 34, is that your verdict as to

1  each of these defendants as to each of these counts?

2          JUROR: Yes, Your Honor.

3          THE COURT: And finally, Juror Number 39, is that your

4  verdict as to each of these defendants and each of these

5  counts?

6          JUROR: Yes, Your Honor.

7          THE COURT: Is there any objection from any of the

8  parties as to the reading of the verdict?

9          MR. CROSS: None from the United States, Your Honor.

10         MR. WOODFIN: Your Honor, I apologize, I know there

11  were a lot of counts. I'm not sure I heard on the first count

12  in the 466 indictment.

13         THE COURT: He was found guilty.

14         MR. WOODFIN: Yes, Your Honor. We have no other --

15         THE COURT: To the extent that I did not previously

16  read that, the jury finds the defendant, Rolando Williamson,

17  guilty as charged in Count 1 of the superseding indictment in

18  19-466.

19         MR. WOODFIN: Yes, Your Honor. We have no objection,

20  Judge.

21         MR. GARDNER: Nothing on behalf of Mr. Taylor, Your

22  Honor.

23         MR. ALBEA: Your Honor, I'd like to inspect the verdict

24  form.

25         THE COURT: You may.

1                    (Brief pause.)

2          MR. ALBEA: Thank you, Your Honor.

3          THE COURT: Thank you. Any objection?

4          MR. ALBEA: No, Your Honor.

5          MR. CROSS: No, Your Honor.

6          MS. WALLACE: None from Mr. Archie.

7          THE COURT: Ladies and gentlemen of the jury, I'm going

8    to allow you to reconvene in the jury deliberation room for a

9    few minutes, and I'll see you back there when I've concluded in

10   here.

11                   (Jury out at 4:06 p.m.)

12         THE COURT: Will the defendant, Rolando Antuain

13   Williamson, please stand? Mr. Williamson, the jury has found

14   you guilty of all counts in the superseding indictment pending

15   against you as well as Count 1 in 20-405. Having found you

16   guilty, I now adjudge you guilty of those offenses. You may be

17   seated.

18        Mr. Taylor, please stand. Mr. Taylor, the jury in this

19   case has unanimously found you guilty of all charges pending

20   against you in the superseding indictment in 19-466. Having

21   returned a unanimous verdict, I now adjudge you guilty of those

22   offenses. You may be seated.

23        Mr. Gregory, the jury has unanimously found you guilty of

24   all of the counts pending against you in the superseding

25   indictment in 19-466. Having unanimously determined your guilt,

1  I now adjudge you guilty of those offenses. You may be seated.

2      Mr. Archie, the jury has unanimously returned a verdict of

3  guilt on all counts pending against you in the superseding

4  indictment in 19-466 and in both counts in 20-151. Having

5  unanimously determined your guilt, I now adjudge you guilty of

6  those offenses.

7      At this point, Mr. Archie, I believe that we'll have to

8  send you back to the custody of the United States Marshal. I

9  understand that you were out on bond, but at this point, your

10 bond will be revoked, and you will be tendered to the custody

11 of the United States Marshals. I think the only remaining issue

12 to take up, at this point, is any post trial motions. I don't

13 know how long it will take to get the transcript in should

14 there be a motion that requires the transcript. To the extent

15 that you intend to file a motion that does not require the

16 transcript, please let the court know by week's end. Is there

17 any objection to a filing deadline, 30-days from receipt of the

18 transcript, and then the government's response within three

19 weeks of that? Any motions?

20      MR. CROSS: No objection from the United States.

21      MR. WOODFIN: No objection from Mr. Williamson as to

22 the deadlines, Judge.

23      MR. GARDNER: None here, Your Honor, for Mr. Taylor.

24      MR. ALBEA: None for Mr. Gregory.

25      MS. WALLACE: None from Mr. Archie.

1          THE COURT: Is there anything else that we need to

2   address at this time?

3          MR. CROSS: None from the United States, Your Honor.

4          MR. WOODFIN: Not for Mr. Williamson, Your Honor.

5          MR. GARDNER: Not for Mr. Taylor, Your Honor. Thank

6   you.

7          MR. ALBEA: Not from Mr. Gregory.

8          MS. WALLACE: Not from Mr. Archie.

9          THE COURT: I want to thank all of you, all of the

10  attorneys in this case. You have done an extraordinary job

11  representing the government and also these defendants.

12  Admittedly, my time on the bench has been much shorter than

13  some of the older colleagues that I am privileged to serve

14  with, but I will say, on the record, that the defendants have

15  enjoyed the best defense attorneys I have seen as far as trying

16  a case thus far. And it has been a privilege to work with you

17  in ensuring that their rights were preserved and protected

18  throughout the course of this trial.

19         MR. GARDNER: Thank you, Your Honor.

20         THE COURT: With that, I will adjourn. I go speak to

21  the jury as a matter of practice. So I will do that. Thank you

22  all for your time.

23         (Proceedings were adjourned at 4:10 p.m.)

24

25

1                     C E R T I F I C A T E

2              I certify that the foregoing is a correct

3    transcript  from the record of proceedings in the

4    above-entitled matter.

5                                Dated: September 19, 2022

6

7

8

9

10
     Lauren Shirley, RPR, CRR
11   FEDERAL OFFICIAL COURT REPORTER

12

13

14

15

16

17

18

19

20

21

22

23

24

25